Cathryn Chadwick YATES *v.* Floyd Andrew
STURGIS and Vanessa Sturgis

Arkansas Association of Counties, Arkansas
Municipal League, *Movants*

92-281                                    849 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered March 22, 1993
[Rehearing denied April 19, 1993].

*Loh, Massey & Yates, Ltd.*, by: *Harold C. Yates*, for appellant.

*McMillan, Turner & McCorkle*, by: *F. Thomas Curry*, for appellee.

*Duncan & Rainwater*, by: *Michael R. Rainwater*, for movants.

PER CURIAM. The respective motions of the Arkansas Association of Counties and the Arkansas Municipal League to file amicus curiae briefs are granted. Each movant shall file its brief within ten (10) days from the date of this per curiam order.

We grant the motions and allow additional time for the filing of these briefs because Supreme Court Rule 20(k) regarding rehearing and amicus briefs is not entirely clear as to when the briefs are to be filed· once permission of this court is granted.

By this order we interpret Rule 20(k) to mean that amici curiae counsel must file briefs in support of or in opposition to rehearing simultaneously with their motions for permission to participate. If the motion and amicus brief support rehearing or are neutral, they must be filed within the time period that the petitioner's petition and brief are due. If the motion and amicus brief oppose rehearing, they must be filed within the time period that the respondent's petition and brief are due.

Henceforth, no additional time to file an amicus brief will be granted. Amicus briefs must accompany motions to participate.

DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. Movants in this motion, the Arkansas Association of Counties and the Arkansas Municipal League, have asked permission to file amicus curiae briefs for rehearing. They filed briefs when they filed their petitions, but the majority per curiam indicates that movants wish to file additional briefs. The majority per curiam grants the motion allowing the movants to file additional briefs because our rule "is not entirely clear as to when the briefs are to be filed." The majority per curiam is most unusual in that the time for filing briefs for rehearing is long past, and the movants have not asked for extra time to file additional briefs. In addition, the movants have not complained that the rule is not clear; the majority per curiam advances that theory on its own motion.

There is no ambiguity in the rule. The movants have asked that we grant their amicus curiae petitions for rehearing. Rule 20 (a) of the Rules of the Supreme Court and Court of Appeals provides:

> *Time Limited for Filing—Service.*—Petitions for rehearing, briefs thereon, and evidence of service both of petition and brief, must be filed within 17 days from the date of decision.

Seventeen days have long passed. Under the clear language of the rule, the movants are barred from filing any additional briefs. They should have tendered any additional briefs within seventeen days of the decision.

In addition, Rule 20 (c) provides:

*Additional Time.*—Neither party will be granted further time than as above indicated, except on showing of illness of counsel, or other unavoidable casualty.

The majority per curiam grants additional time to the movants even though they have not asked for it, and they certainly have not shown an unavoidable casualty.

The majority per curiam granting movants leave to file amicus curiae briefs long after the deadline has passed is unusual in other respects. It grants the amicus curiae greater rights than those of the parties, and the result is that the respondent will be denied the right to answer the amicus curiae briefs. This unjust result will come about in the following manner. We handed down our decision in this case weeks ago. Within seventeen days, the Sturgises, the losing parties, timely petitioned for a rehearing. The movants in this motion, the Arkansas Association of Counties and the Arkansas Municipal League, filed petitions asking permission to file amicus curiae briefs and, at the same time, filed briefs. The prevailing party, respondent Yates, timely filed her response to all of the briefs. Now, the majority per curiam grants the movants additional time to file additional amicus curiae briefs. Quite naturally, since the unusual procedure granted by the majority per curiam is not in accordance with the rules, there is no rule allowing respondent Yates to file yet another response. Thus, the party who won the case, respondent Yates, will not be allowed to respond to the second briefs for rehearing that will be filed by amicus curiae. I would simply follow our rules. The amicus curiae briefs for rehearing were due within seventeen days of the decision. I would consider those that were filed within that time and would not allow any additional briefs asking for rehearing after the seventeen days had passed. Accordingly, I dissent.

NEWBERN, J., joins in this dissent.